104977-1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:22-cv-20966

MARIA FERNANDA PENATE SUAREZ,

    Plaintiff,

vs.

HOLIDAY CVS, L.L.C., a Florida Limited
Liability Company,

    Defendant.

_____/

## **DEFENDANT'S, HOLIDAY CVS, LLC, NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant, Holiday CVS, LLC, hereby removes the above-styled action from the Eleventh Judicial Circuit in and for Miami-Dade County, Florida to the United District Court for the Southern District of Florida on the basis of diversity jurisdiction. In support of removal, the Defendant states as follows:

1.    Plaintiff filed this civil action against the Defendant in the Eleventh Judicial Circuit in and for Miami-Dade County, Florida styled *Maria Fernanda Penate Suarez v. Holiday CVS, LLC*, Case No. 2022-003667-CA-01. A true and correct copy of all process and pleadings served upon CVS are attached hereto as Composite Exhibit "1" in compliance with 28 U.S.C. § 1447(b).

2.    This action involves the Plaintiff's alleged personal injuries sustained as a result of an alleged incident at the CVS store located at 1549 SW 107th Avenue, Miami, Florida. *See generally* Plaintiff's Complaint, attached hereto as part of Composite Ex.1.

CASE NO. 1:22-cv-20966

3. On or about March 10, 2022 the Plaintiff served Holiday CVS, LLC. *See* Return of Service, attached hereto as part of Composite Ex. 1.

4. The amount in controversy in this case exceeds $75,000.00. The Plaintiff issued a pre-suit demand in the amount of $300,000.00, which establishes that the amount in controversy exceeds $75,000.00. *See* Plaintiff's Demand Letter, attached hereto as Exhibit "2". *See Archer v. Kelly*, 271 F. Supp. 2d 1320, 1322 (N.D. Okla. 2003) (holding the plaintiff's demand letter alleging damages of $1,325,000 was sufficient to establish that plaintiff's claim exceeded amount in controversy requirement necessary to exercise diversity jurisdiction); *Molina v. Wal-Mart Stores Tx.*, 535 F. Supp. 2d 805, 806 (W.D. Tex. 2008) (holding customer's pre-suit demand letter alleging damages of $100,000, was sufficient to establish an amount in controversy exceeding $75,000). Therefore, Defendant has met its burden in establishing the amount in controversy requirement. *See Scott v. Home Depot U.S.A., Inc.*, No. 11-62426-CIV, 2012 WL 86986, *2 (Fla. S.D. Jan. 11, 2012) (stating "a defendant may introduce its own affidavits, declarations, or other documentation" to meet its burden to show that the amount in controversy exceeds $75,000).

5. The Plaintiff, Maria Fernanda Penate Suarez, is a resident of Miami-Dade County, Florida. *See* Plaintiff's Complaint at ¶ 2, attached hereto as part of Composite Ex. 1. Consequently, the Plaintiff is presumed to be a citizen of the State of Florida. *See Jones v. Law Firm of Hill & Ponton*, 141 F. Supp. 2d 1349, 1355 (M.D. Fla. 2001).

6. Further, Defendant, Holiday CVS, LLC is a single member LLC with its sole managing member being CVS Pharmacy, Inc., which is a corporation incorporated under the laws of the State of Rhode Island with its principal place of business in Woonsocket, Rhode

CASE NO. 1:22-cv-20966

Island. *See* Fla. Division of Corporations 2021 Annual Report, attached hereto as Exhibit "3". Therefore, Defendant, Holiday CVS, LLC is a citizen of the state of Rhode Island. *See Flintlock Const. Servs., LLC v. Well-Come Holdings, LLC*, 710 F. 3d 1221, 1224 (11th Cir. 2013) ("For the purpose of determining diversity jurisdiction, 'a limited liability company is a citizen of any state of which a member of the company is a citizen.'" (quoting *Rolling Greens MHP, L.P. v. Comcast SCH Holdings, L.L.C.*, 374 F. 3d 1020, 1022 (11th Cir. 2004))); *Advanced Construction and Renovation, Inc. v. Mt. Hawley Ins. Co.*, 2018 WL 797073 at *2 (S.D. Fla. Feb. 9, 2018) ("For purposes of diversity jurisdiction, a corporation shall be deemed to be a citizen of every state by which it has been incorporated and of the State where it has its principal place of business.").

7. Defendant, CVS, filed this Notice of Removal within thirty (30) days after being served with Plaintiff's Complaint on March 10, 2022. Accordingly, this Notice of Removal is timely filed. *See* 28 U.S.C. § 1446(b)(1). No further state court proceedings in this litigation have taken place as of the date of this Notice of Removal.

8. Accordingly, this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000.00, exclusive of interests and costs and the action is between the Plaintiff, who is a citizen of Florida, and Defendant, who is a citizen of Rhode Island. Removal to this Court is therefore proper pursuant to 28 U.S.C. § 1441 given this Court's diversity jurisdiction. *See* 28 U.S.C. §§ 1332, 1441(a).

9. Pursuant to the procedural requirements for removal set forth in 28 U.S.C. § 1446(d), Holiday CVS, LLC will file a Notice of Filing Notice of Removal with the Clerk of Court for the Eleventh Judicial Circuit in and for Miami-Dade County, Florida and will provide

CASE NO. 1:22-cv-20966

written notice of this Notice of Removal to all parties via e-service. A copy of the Notice of Filing is attached hereto as Exhibit "4".

Dated:  3/30/2022

                Respectfully submitted,

                */s/ Jacob J. Liro*
                Jacob J. Liro, Esquire (32720)
                JLiro@wickersmith.com
                WICKER SMITH O'HARA
                  McCOY & FORD, P.A.
                2800 Ponce de Leon Boulevard
                Suite 800
                Coral Gables, FL  33134
                Telephone:	(305) 448-3939
                Facsimile:	(305) 441-1745
                Attorneys for Holiday CVS, L.L.C.

## CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that a true and correct copy of the foregoing was filed with the Clerk of Court using the CM/ECF system on March 30, 2022, and the foregoing document is being served this day on all counsel or parties of record on the Service List below, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive Notices of Electronic Filing.

                */s/ Jacob J. Liro*
                Jacob J. Liro, Esquire

- 5 -

CASE NO. 1:22-cv-20966

## SERVICE LIST

Brett L. Borrow, Esquire
The Borrow Law Firm
One Flagler Building
14 NE 1st Avenue, Suite 514
Miami, FL 33132
Telephone:    (305) 859-1000
Facsimile:    (305) 718-0633
bborrow@borrow.law.com
jrodriguez@borrowlaw.com