UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cv-20966-BLOOM/Otazo-Reyes

MARIA FERNANDA
PENATE SUAREZ,

    Plaintiff,

v.

HOLIDAY CVS, L.L.C.,

    Defendant.
_____/

## ORDER REMANDING CASE

**THIS CAUSE** is before the Court upon a *sua sponte* review of the record following the parties' Joint Stipulation of Alleged Damages, ECF No. [6] ("Joint Stipulation"). The Court has carefully reviewed the Joint Stipulation, the record in this case, the applicable law, and is otherwise fully advised. Accordingly, for the reasons set forth below, this action is remanded to the Eleventh Judicial Circuit in and for Miami-Dade County, Florida.

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (citing *Turner v. Bank of N. Am.*, 4 U.S. (4 Dall.) 8, 11 (1799) and *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 182-183 (1936)). "Indeed, it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999); *see also Herskowitz v. Reid*, 187 F. App'x 911, 912-13 (11th Cir. 2006) (A "district court

may act *sua sponte* to address the issue of subject matter jurisdiction at any time."). When performing this inquiry, "all doubts about jurisdiction should be resolved in favor of remand to state court." *Yusefzadeh v. Nelson, Mullins, Riley & Scarborough, LLP*, 365 F.3d 1244, 1245 (11th Cir. 2004) (citing *Burns v Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994)).

"The jurisdiction of a court over the subject matter of a claim involves the court's competency to consider a given type of case and cannot be waived or otherwise conferred upon the court by the parties. Otherwise, a party could work a wrongful extension of federal jurisdiction and give courts power the Congress denied them." *Univ. of S. Ala.*, 168 F.3d at 410 (quoting *Jackson v. Seaboard Coast Line R.R.*, 678 F.2d 992, 1000-01 (11th Cir. 1982)) (internal quotations omitted). Accordingly, "once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue." *Id*.

"A district court can hear a case only if it has at least one of three types of subject matter jurisdiction: (1) jurisdiction under specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." *Thermoset Corp. v. Bldg. Materials Corp. of Am.*, 849 F.3d 1313, 1317 (11th Cir. 2017) (quoting *PTA-FLA, Inc. v. ZTE USA, Inc.* 844 F.3d 1299, 1305 (11th Cir. 2016)) (internal quotations omitted). Pursuant to 28 U.S.C. § 1332, "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States." 28 U.S.C. § 1332(a)(1).

In the Complaint, ECF No. [1-2], Plaintiff asserts one claim of negligence against Defendant.

### A. The Court lacks diversity jurisdiction

In the Notice of Removal, Defendant contends that the Court has diversity jurisdiction over

the claims alleged in the Complaint. Defendant alleged that the Plaintiff issued a pre-suit demand letter in the amount of $300,000.00, which established that the amount in controversy exceeded $75,000.00. ECF No. [1] at 2 ¶ 4. In further support of its' contention that diversity jurisdiction exists in this case, Defendant alleges in the Notice that it is a citizen of Rhode Island and that the Plaintiff is presumed to be citizen of Florida since she is a resident of Miami-Dade County, Florida.[1] *Id.* at 2-3 ¶ 5, 6. In the Complaint, Defendant alleges that it is a "Florida Limited Liability Company." ECF No. [1-2] at 4 ¶ 3.

It is unclear as to whether Plaintiff is a citizen of Rhode Island or a Florida, as both are alleged. *See* ECF No. [1] at 2-3 ¶ 5, 6; ECF No. [1-2] at 4 ¶ 3. As the Eleventh Circuit has held on numerous occasions, "[f]or the purpose of determining diversity jurisdiction, a limited liability company is a citizen of any state of which a member of the company is a citizen." *Flintlock Constr. Servs. v. Well-Come Holdings*, *LLC*, 710 F.3d 1221, 1224 (11th Cir. 2013). Thus, to sufficiently allege the citizenship of a limited liability company ("LLC"), "a party must list the citizenships of all the members of the limited liability company." *Mallory & Evans Contrs. & Eng'rs, LLC v. Tuskegee Univ.*, 663 F.3d 1304, 1305 (11th Cir. 2011). Although the Complaint does not list the citizenship of the members of Defendant, Defendants provided the citizenship of its' sole managing member (Rhode Island) in the Notice. ECF No. [1] at 2, 3 ¶ 6.

Even assuming that diversity of citizenship exists, the amount of controversy does not exceed $75,000.00. The parties represented in their Joint Stipulation that the damages sought by

---

[1] The Court notes that residence, however, is distinct from citizenship and is insufficient on its own to establish diversity. *See Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994) ("Citizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity for a natural person."). While residence is one relevant factor in determining citizenship of an individual, it is not relevant in determining the citizenship of a LLC. *See Travaglio v. Am. Express Co.*, 735 F.3d 1266, 1269 (11th Cir. 2013) ("Citizenship is equivalent to domicile for purposes of diversity jurisdiction. And domicile requires both residence in a state and an intention to remain there indefinitely.") (internal citation and quotations omitted).

Case No. 21-cv-20966-BLOOM/Otazo-Reyes

Plaintiff in this case do not exceed $75,000.00. ECF No. [6]. As a result, removal based upon the Court's diversity jurisdiction is improper here.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. This matter is **REMANDED** to the Eleventh Judicial Circuit Court in and for Miami-Dade County for further proceedings.

2. The Clerk is **DIRECTED TO CLOSE** this case.

3. Any pending motions are **DENIED AS MOOT**.

4. Any pending deadlines are **TERMINATED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on April 11, 2022.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record